No. 95-3391

B. C. Pendleton,

    Petitioner - Appellant,

v.

Thomas Hundley,

    Respondent - Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*     **[UNPUBLISHED]**
\*

Submitted: April 11, 1996

Filed: May 6, 1996

Before MAGILL, and LOKEN, Circuit Judges, and GOLDBERG,* Judge.

PER CURIAM.

B. C. Pendleton was convicted in state court of first degree murder and robbery for killing a bartender while robbing a Davenport, Iowa, tavern. His conviction was affirmed on direct appeal, and the state courts denied postconviction relief following an evidentiary hearing. Pendleton appeals the district court's[1] denial of his petition for federal habeas corpus relief.

Pendleton raises two issues arising out of the same pretrial circumstances. Tavern owner Frank Lingard discovered the murder and told police he had seen two black men running from the tavern.

---

*The HONORABLE RICHARD W. GOLDBERG, Judge, United States Court of International Trade, sitting by designation.

[1]The HONORABLE RONALD E. LONGSTAFF, United States District Judge for the Southern District of Iowa, who adopted the Report and Recommendation of the HONORABLE CELESTE F. BREMER, United States Magistrate Judge for the Southern District of Iowa.

Himself a suspect, Lingard submitted to a polygraph examination, which suggested Lingard was not truthful in saying he had seen two black men running from the tavern. Confronted with this apparent deception, Lingard said his answer was hesitant because he had later heard one of the robbers might have been a Mexican. The polygraph examiner later told the prosecutor this explanation was consistent with the polygraph examination results. All this information was in the prosecutor's file. The prosecutor made that file available to defense counsel under the county attorney's "open file" policy but did not alert defense counsel to Lingard's polygraph results. Defense counsel did not examine the prosecutor's file or otherwise learn of those results. At trial, Lingard testified he saw two black men running from the tavern.

On appeal, Lingard argues (1) his trial counsel provided ineffective assistance in not reviewing the prosecutor's file or otherwise discovering that Lingard had "failed" a polygraph examination; and (2) the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), by not disclosing this material exculpatory evidence. After careful review of the record, we agree with the district court that Pendleton has failed to overcome the strong presumption that his attorney rendered competent assistance; that defense counsel's failure to discover Lingard's polygraph results had no measurable outcome on the trial; and that the prosecutor did not suppress material exculpatory evidence. Accordingly, we affirm for the reasons stated in the Magistrate Judge's thorough Report and Recommendation dated April 25, 1995. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-